Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Blvd. Suite 1924
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff JOSEPH ACOSTA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ACOSTA, an individual, | CASE NO.: EDCV11-0703 VAP (DTBx) |
| Plaintiff, | COMPLAINT FOR |
| vs. | 1) VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT; |
| P. SCOTT LOWERY, an individual; SCOTT LOWERY LAW OFFICE, P.C., a Colorado professional corporation; and DOES 1-10, inclusive, | 2) VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; AND |
| | 3) DECLARATORY RELIEF. |
| Defendants. | DEMAND FOR JURY TRIAL |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and 2202.

2. Venue in this District is proper in that Plaintiff's claim arose in this District.

## II. THE PARTIES.

3. The plaintiff JOSEPH ACOSTA ("Plaintiff") is a natural person who, at all times relevant herein, resided in the City of Rancho Cucamonga, which is located in San Bernardino County, California.

4. Defendant P. SCOTT LOWERY ("LOWERY") is and at all times relevant herein was an individual residing in the State of California, County of Los Angeles.

5. Defendant SCOTT LOWERY LAW OFFICE, P.C. ("SLLO") is and at all times relevant herein was a Colorado professional corporation with its principal place of business located at 4500 Cherry Creek Drive South, Suite 700-710 Denver, CO 80246.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

7. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

8. Defendants LOWERY and SLLO are debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6). SLLO's website proclaims, "This law firm is a debt collector engaged in the collection of consumer debts."

## III. FACTUAL ALLEGATIONS.

9. Plaintiff, who is not a minor, obtained a $500.00 loan for personal, family and household use. After making several payments, Plaintiff's defaulted on the loan due to a steep reduction in his work hours.

10. The original creditor – or an assignee who acquired the right to collect the debt – turned over the account to LOWERY and SLLO for collection. Upon information and belief, the defendants were authorized by their client to take a certain percentage of whatever was recovered from Plaintiff.

11. On or around February 12, 2011, Plaintiff received a call from an employee of defendants using the name or pseudonym "Brooke Lopez." Ms. Lopez asserted that Plaintiff owed a debt of more than one thousand dollars. Although Plaintiff expressly disputed the accuracy of this claim, Ms. Lopez demanded to know from Plaintiff whether he was going to pay this "voluntarily, or involuntarily." At the time that Ms. Lopez asked this question, no judgment had been rendered by any court on the alleged debt.

12. Plaintiff was transferred to Ms. Lopez' supervisor at SLLO. This supervisor indicated to Plaintiff that his company – SLLO – had reviewed Plaintiff's credit report and discovered that he was making car payments every moth. The supervisor threatened Plaintiff that his company could repossess Plaintiff's car. At the time this threat was made, it was false, inasmuch as the original loan was unsecured, and no judgment had been issued against Plaintiff.

13. Additionally, the supervisor at SLLO told Plaintiff that his company would contact the bank which Plaintiff was making car payments to, and inform the bank's personnel about the outstanding debt.

14. Further, the supervisor told Plaintiff that if he did not make arrangements to pay off the debt by Friday, April 15, 2011, a lawsuit would be filed immediately. At the time this threat was made, the defendants had no present intent to actually file suit.

COMPLAINT

15. Further, Defendants failed to provide Plaintiff with written notice of his right to request validation of the debt, as required under 15 U.S.C. §1692g.

16. LOWERY, SLLO and DOES 1-5, added to the amounts they attempted to collect from Plaintiff fees and/or penalties not expressly authorized by law or by any agreement with Plaintiff, and attempted to collect such unauthorized fees and/ or penalties. Such fees amounted to unlawful interest under applicable Federal and state law.

## FIRST CLAIM FOR RELIEF

(For Violations of the FDCPA Against LOWERY, SLLO, and DOES 1 through 5, inclusive)

17. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 16 above.

18. Defendants, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's car, when such action would have been unlawful, and when defendants did not actually intend to take such action, in violation of 15 U.S.C. §1692e subparagraphs (4) and/or (5);

b) Threatening the immanent filing of a lawsuit when such a filing was not intended, in violation of 15 U.S.C. §1692e(5);

c) Threatening to contact the bank handling Plaintiff's automobile loan to communicate credit information which defendants knew to be false, in violation of 15 U.S.C. §1692e(8);

d) Failing to provide written notice of Plaintiffs' right to verification of the debt, in violation of 15 U.S.C. §1692g(a);

e) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

f) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

g) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1).

19. As a result of the above violations of the FDCPA, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
(For Violations of the Rosenthal Act Against SLLO, and DOES 1 through 5, inclusive)

20. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 16 above.

21. Defendants, and each of them, knowingly and wilfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act"). Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debt:

a) Representing or implying that nonpayment of the alleged debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's car, when such action would have been unlawful, and when defendants did not actually intend to take such action, in violation of 15 U.S.C. §1692e subparagraphs (4) and/or (5), and California Civil Code section 1788.17;

b) Threatening the immanent filing of a lawsuit when such a filing was not intended, in violation of 15 U.S.C. §1692e(5), and California Civil Code section 1788.17;

c) Threatening to contact the bank handling Plaintiff's automobile loan to communicate credit information which defendants knew to be false, in violation of 15 U.S.C. §1692e(8), and California Civil Code section 1788.17;

d) Failing to provide written notice of Plaintiffs' right to verification of the debt, in violation of 15 U.S.C. §1692g(a), and California Civil Code section 1788.17;

e) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10), and California Civil Code section 1788.17;

f) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f, and California Civil Code section 1788.17; and

g) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1), and California Civil Code section 1788.17.

22. As a result of defendants' violations of the Rosenthal Act, pursuant to Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.

## THIRD CAUSE OF ACTION

(For Declaratory Relief Against LOWERY, SLLO and DOES 1 through 5, inclusive)

23. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 22 above.

24. An actual and existing controversy now exists between the parties hereto, in that Plaintiff contends that the actions of LOWERY, SLLO, and DOES 1-5, inclusive, constituted willful violations of the Fair Debt Collection Practices Act and/or the Rosenthal Fair Debt Collection Practices Act, while conversely, those

defendants contend that their actions are consistent with all applicable laws governing collection agencies.

25. A judicial declaration that the conduct of defendants LOWERY, SLLO and DOES 1-5 violated applicable statutes is now just and appropriate.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the defendants as follows:

1. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2) and/or Civil Code section 1788.30(b);

2. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1) and/or Civil Code section 1788.30(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3), and/or Civil Code section 1788.30(c) and/or Code of Civil Procedure section 490.020.

4. General damages, in an amount subject to proof at trial;

5. Declaratory relief; and

6. Such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that Plaintiff JOSEPH ACOSTA requests a trial by jury.

DATED: May 2, 2011               Respectfully submitted,

                                 By: _____
                                     Aidan W. Butler
                                     Attorney for Plaintiff
                                     JOSEPH ACOSTA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

**EDCV11- 703 VAP (DTBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Blvd., Suite 1924
Los Angeles, CA 90010
Tel. (213) 388-5168; fax (213) 388-5178
tocontactaidan@gmail.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH ACOSTA, an individual,<br><br>PLAINTIFF(S)<br>v.<br><br>P. SCOTT LOWERY, an individual; SCOTT LOWERY LAW OFFICE, P.C., a Colorado professional corporation; and DOES 1-10, inclusive,<br>DEFENDANT(S). | CASE NUMBER<br><br>EDCV11-0703 VAP (DTBx)<br><br>SUMMONS |

TO:   DEFENDANT(S): _____
_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Aidan W. Butler_____, whose address is 3550 Wilshire Blvd. Suite 1924, Los Angeles, CA 90010_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: MAY - 3 2011

Clerk, U.S. District Court

By: CHRISTOPHER POWERS
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                   SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JOSEPH ACOSTA, an individual, | P. SCOTT LOWERY, an individual; SCOTT LOWERY LAW OFFICE, P.C., a Colorado professional corporation; and DOES 1-10, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Aidan W. Butler (SBN 208399)<br>3550 Wilshire Blvd. Suite 1924, Los Angeles, CA 90010<br>Tel. (213) 388-5168; fax (213) 388-5178, Email: tocontactaidan@gmail.com | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ No amount specified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of the Fair Debt Collection Practices Act - 15 U.S.C. 1692 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

EDCV11-0703

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Colorado |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date May 2, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |